JACOB KAPLAN, TRADING, ETC., RESPONDENT, v. JOHN TOMKA ET AL., APPELLANTS.

Submitted May 2, 1944—Decided May 31, 1944.

Before Justices PARKER, HEHER and COLIE.

For the appellants, *Edward T. Moore.*

For the respondent, *Jacob Kaplan* in *pro. per.*

The opinion of the court was delivered by

PARKER, J. The question in this case is whether plaintiff lost his right to enter final judgment because of fourteen years delay after institution of a suit in the District Court, and default by the defendants.

The suit was based on a promissory note for $300; which apparently had been reduced by credits to $192.20, when the action was begun in 1929. Defendants were duly served and did not appear on the return day of the summons, nor did the plaintiff appear in person or by attorney. The case was not adjourned, nor was it marked "not moved" pursuant to *R. S.* 2:32–97. All that happened was that the clerk made his own personal memorandum in his record consisting simply of the words "no appearance," and thereafter the cause seems to have slept for over thirteen years until finally the plaintiff obtained from the District Court judge, and served, a rule to show cause why judgment should not be entered on affidavit. In the interim the plaintiff had lost the note and asked leave to file a copy of it. The defendants appeared and

objected, the court reserved decision, and later filed a memorandum and entered judgment for the plaintiff for the balance claimed to be unpaid on the note without interest. We consider that the entry of this judgment was erroneous. The plaintiff could have taken judgment within a reasonable time after the beginning of the suit either on a hearing in open court under section 89, or "at any time" on affidavits, *R. S.* 2:32–90. But nothing was done except that the clerk entered on the record "no appearance," presumably as his own memorandum, as the statute does not contemplate it. The case could have been marked "not moved" pursuant to section 97, and under that section could have been brought to trial within two years, "and not thereafter;" but it was not so marked: and neither party moved in the matter until 1943.

We consider that the memorandum of "no appearance" has no effect one way or another on the progress of the case, and that the present situation is analogous to that appearing in the case of *Brex & Bieler, Inc., v. Sachs,* 20 *N. J. Mis. R.* 186, arising under the Practice Act. The statute applicable there was *R. S.* 2:27–118, previously section 100 of the Practice Act of 1903, modifying Supreme Court rule 20 as found in Nixon's Digest of 1861, page 961. That act requires a party entitled to a default judgment to enter it before or at the term next after the default, failing which he is deemed to have waived his right and must rule the other party to plead. In Brex *v.* Sachs it was held that a delay of eight years in taking out a rule to plead was fatal. The case was at motions before the writer of this opinion, but we are not aware of any adverse criticism of it. The underlying thought was that a rule to plead, after failure to enter a default, must be taken out within a reasonable time and that eight years was not a reasonable time. *A fortiori* a delay of over thirteen years is not a reasonable time.

Our conclusion therefore is that the judgment entered for plaintiff respondent in the District Court will be reversed and the cause remanded to the end that a nonsuit be entered in that court.